**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK WANDERING MEDICINE; HUGH CLUB FOOT; LENARD ELK SHOULDER; CHARLES BEAR COMES OUT; WINFIELD RUSSELL; JAMES DAY CHILD; WOODROW BRIEN; SARAH STRAY CALF; MARTY OTHER BULL; NEWLYN LITTLE OWL; DONOVAN ARCHAMBAULT; ED MOORE; PATTY QUISNO; MICHAEL D. FOX; FRANK JEFFERSON; PHYLLIS POND CULBERTSON,<br><br>          Plaintiffs - Appellants,<br><br>  v.<br><br>LINDA MCCULLOCH, in her official capacity as Montana Secretary of State; GERALDINE CUSTER, in her official capacity as Rosebud County Clerk and Recorder; ROSEBUD COUNTY, MONTANA; ROBERT E. LEE; DOUGLAS D. MARTENS; DANIEL M. SIOUX, in their official capacities as members of the County Board of Commissioners for Rosebud County, Montana; SANDRA L. BOARDMAN, in | No. 12-35926<br><br>D.C. No. 1:12-cv-00135-RFC<br><br>MEMORANDUM[*] |

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

her official capacity as Blaine County Clerk and Recorder; BLAINE COUNTY, MONTANA; CHARLIE KULBECK; M. DELORES PLUMMAGE; FRANK DEPRIEST, in their official capacities as members of the County Board of Commissioners, Blaine County, Montana; DULCE BEAR DON'T WALK, in her official capacity of Big Horn County Election Administrator; BIG HORN COUNTY, MONTANA; SIDNEY FITZPATRICK, Jr.; CHAD FENNER; JOHN PRETTY ON TOP, in their official capacities as members of the county Board of Commissions for Big Horn County, Montana; KIMBERLY YARLOTT, in her official capacity as Big Horn County Clerk and Recorder,

Defendants - Appellees.

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Senior District Judge, Presiding

Argued and Submitted October 10, 2013
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

Plaintiffs appeal from the district court's denial of a preliminary injunction

to open satellite offices for late registration and in-person absentee voting in Lame

Deer, Fort Belknap, and Crow Agency in Montana. We dismiss the appeal as moot and vacate the district court's order.

When it is no longer possible for this court to grant the relief requested, a case is moot and this court lacks jurisdiction to hear it. *See Dream Palace v. Cnty. of Maricopa*, 384 F.3d 990, 1000 (9th Cir. 2004). Because we conclude that the scope of the preliminary injunction only included the 2012 election, this court can no longer provide plaintiffs with the relief requested—requiring defendants to open satellite offices in time for that election. Although plaintiffs' complaint requested "preliminary and permanent injunctive relief . . . for the 2012 primary election and . . . for all future elections," plaintiffs' motion for a preliminary injunction included no such language, and the evidence presented to the district court focused almost exclusively on the 2012 election. As that election has passed, there is no longer any relief that this court can provide with respect to that election.

Contrary to plaintiffs' arguments, this case does not fall within the "capable of repetition, yet evading review" exception to mootness doctrine. Plaintiffs' request for a permanent injunction remains pending before the district court, so this case is unlikely to "evade review." We trust that the district court will act expeditiously in dealing with plaintiffs' request for a permanent injunction.

3

In dismissing the appeal as moot and vacating the district court's order, we express no opinion as to the merits of the legal analysis contained in the district court's order.

We deny Appellees' request for "just damages and double costs" under Federal Rule of Appellate Procedure 38. Each side shall bear its own costs on appeal.

Appeal DISMISSED, Order of the District Court VACATED.